## IN THE UNITED STATE DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**BRANDON ADAMS,** *ET AL.*                                                     **PLAINTIFFS**

**VS.**                                    **4:20-CV-01410-BRW**

**THE CINCINNATI INSURANCE CO.,** *ET AL.*                                  **DEFENDANTS**

### ORDER

Pending is Plaintiff's Motion to Remand (Doc. No. 8).  Defendant Cincinnati Insurance

Co. has responded and Plaintiff replied.[1]  As set out below, the Motion is DENIED.  Pure

Insurance Company and Brandon Adams are DISMISSED without prejudice.  The Motion to

Dismiss (Doc. No. 10) is MOOT.

### I.      BACKGROUND

On October 23, 2020, Plaintiffs filed a complaint in state court seeking declaratory

judgments against Defendants related to two insurance contracts.  Plaintiffs Bryan and Carla

Adams have an insurance contract with Defendant The Cincinnati Insurance Co.  Plaintiff

Brandon Adams has separate insurance contracts with separate Defendant named "Pure

Insurance Company."  Cincinnati removed the case on December 2, 2020.

On December 9, 2020, Plaintiffs filed a motion to remand because Cincinnati failed to

get consent from Pure.

### II.     DISCUSSION

#### A.      Remand

Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section

1441(a), all defendants who have been properly joined and served must join in or consent to the

---

[1]Doc. Nos. 12, 19.

removal of the action."  It is undisputed that Cincinnati failed to get consent from Pure before

removing this case.   However, Cincinnati contends that "there is no legal entity known as 'Pure

Insurance Company,'" and asserts that it "not a proper party to this lawsuit and is not a legal

entity that can accept service, consent to removal, or otherwise defend and/or participate in

litigation . . . ."[2]   I agree.

It appears that the named Defendant "Pure Insurance Company" is the result of a

misnomer.  No one disputes that there is no company named Pure Insurance Company or that the

properly-named party is Privilege Underwriters Reciprocal Exchange.  Notably, this company

name appears on page 25 of the insurance contract attached to the complaint.[3]  However,

Plaintiffs still have made no efforts to correct the misnomer.  Though they argue that its obvious

they meant Privilege Underwriters Reciprocal Exchange, they are responsible for clearing up the

misnomer with an amended complaint.  No such request has been made.  Because Pure Insurance

Company does not exist (or at least was not involved in the facts surrounding this case) it is not

"properly joined and served," and Cincinnati was not required to get its consent.[4]

## B.      Severance

Although the request appears in a response, rather than a separate motion, I agree with

Cincinnati's argument that Defendants must be severed.  Although all Plaintiffs are seeking

---

[2]Doc. No. 13.

[3]Doc. No. 2, at p. 322 of 369.

[4]*Berkley v. Midfirst Bank*, No. 3:15-CV-110-SA-SAA, 2015 WL 4897778, at *2 (N.D. Miss. Aug. 17, 2015) ("There has been no attempt by Plaintiff to amend the pleadings to state Shapiro as the properly named party in the Complaint [2]. Case law states that leave will be granted to fix such small errors, but such leave had not been requested at the time of removal. Id. Since there, at the time of removal, had been no request by the Plaintiff to amend the pleadings, the Court holds that the misnomer doctrine cannot, on its own, transform the named party into the intended party . . . Thus, since Defendant Shapiro was not properly joined in this action, Shapiro was not a party that must consent to removal.").

indemnity related to a case filed against them in state court, the fact is, there are three plaintiffs

pursing claims against two separate defendants based on two separate insurance contracts that,

no doubt, contain different terms and conditions.   Accordingly the legal and factual grounds for

denying the claims are likely different (and Plaintiffs have not established otherwise).[5]

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion to Remand

(Doc. No. 26) is DENIED.  Pure Insurance Company and Brandon Adams are DISMISSED

without prejudice.  The Motion to Dismiss (Doc. No. 10) is MOOT.

IT IS SO ORDERED this 31st day of December, 2020.


Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[5]*Allegis Investment Services, LLC v. Arthur J. Gallagher & Co*, 2017 WL 6512240 (D. Utah 2017) (denying consolidation of denial of coverage claims from same plaintiff against different insurers because each policy was different and individual issues would predominate).